THOMAS J. McCAHILL, Respondent, *v.* ANNIE L. McCAHILL, Appellant.*

*Deed of trust — statements that will not amount to a declaration of trust.*

Upon the trial of an action brought to obtain an adjudication declaring a deed of certain real estate paid for by the plaintiff, who directed that an absolute deed thereof be made out in the name of his wife, to be a trust deed for the benefit of the husband and children of the grantee therein named, and directing the wife to reconvey the same to the husband, and to divest herself of any and all interest therein, the plaintiff, the husband, testified that his wife said to him, he being in poor health at the time, that it would be a good thing, if anything happened to him, for her and her children to have a home, and that the title had better be taken in her name, to which he assented, and without her knowledge obtained the deed and recorded it. Afterwards he gave the deed to his wife, saying to her: "You keep that, and if anything happens to me you are to take care of it for yourself and children, and as long as I live I will pay the taxes and insurance, so that there will be no expenses."

The parties kept the premises as their residence for several years and until the wife left the home and resided apart from her husband, and she then offered the property for sale.

*Held*, that the plaintiff was not entitled to judgment;

That, as far as the husband was concerned, there was no agreement to hold the land in trust for his benefit, and the children not being parties to the action, their rights could not be adjudicated therein.

APPEAL by the defendant, Annie L. McCahill, from a judgment of the Supreme Court in favor of the plaintiff, entered pursuant to the decision of the court, rendered at a Special Term thereof, in the office of the clerk of the county of Westchester on the 17th day of April, 1893.

* Decision handed down September, 1893.

This action was brought by Thomas J. McCahill for the purpose of compelling Annie L. McCahill to make, execute and deliver to him a deed of certain premises, divesting her of all interest therein, and to obtain a decree that Thomas J. McCahill shall hold the said premises in trust for himself and his two children, and judgment was asked that the defendant, Annie L. McCahill, be forever restrained from interfering with the possession of the said premises by the plaintiff, or from having anything whatever to do therewith.

Judgment was rendered declaring the premises to be held in trust by the defendant, Annie L. McCahill, upon the trust, and for the purpose of providing her husband, Thomas J. McCahill, and their two children with a home, for the ultimate purpose of vesting the title of the said lands in the said two children, and further ordering that Annie L. McCahill be enjoined and restrained from interfering with the possession of said premises by the said plaintiff, Thomas J. McCahill, and the said children, or from having anything whatever to do therewith.

*Martin J. Keogh*, for the appellant.

*H. T. Dykman*, for the respondent.

CULLEN, J.:

Though it may seem inequitable that the defendant, having now separated from her husband and children, should retain the fruits of his generosity, we do not see how this judgment can be sustained either on the facts or the law.

The premises, the subject of this action, were paid for by the plaintiff, who took the deed therefor in the name of his wife, the defendant. The deed is absolute in terms. The plaintiff is a lawyer. It was he who negotiated the purchase, and by his direction the deed was drawn.

He testifies that the wife said to him (he being in poor health at the time) that it would be a good thing if anything happened to him for her and the children to have a home, and that the title had better be taken in her name. He assented. Without her knowledge he obtained the deed and recorded it. Afterwards he gave the deed to his wife, saying: "You keep that, and if anything happens to me you are to take care of it for yourself and chil-

dren, and as long as I live I will pay the taxes and insurance, so there will be no expenses." The parties continued to occupy the premises as their residence for years until, differences arising between them, the defendant left the home and resided apart from her husband. The wife then offered the property for sale, and the husband brought this action. We are inclined to the belief that this conversation did not amount to a declaration of trust in favor of any person, but that the transaction was the ordinary one of a gift by the husband to the wife, and that the reference to the home for the defendant and the children was only a statement of the motives dictating the gift. Certainly, as far as the husband is concerned, there was no agreement to hold it in any trust for his benefit. The children are not parties to this action, and their right cannot be adjudicated here. This action must, therefore, fail. As a matter of law also we think the suit cannot succeed.

The provisions of the Revised Statutes as to trusts (1 R. S. 728, § 51) prevent any trust being raised in the plaintiff's favor from the fact that he paid the consideration for the conveyance.

The Statute of Frauds (2 R. S. 134, § 6) requires the declaration of any trust to be in writing. The transaction seems barren of any of those collateral circumstances by which courts of equity are enabled to take cases out of the statute.

This case is clearly to be distinguished from those cited by the respondent's counsel, in that here the deed was taken in the name of the defendant by the plaintiff's consent and equally by such consent the deed was made absolute in form.

The judgment appealed from should be reversed and a new trial ordered, costs to abide the event.

PRATT, J., concurred.

Judgment reversed and new trial ordered.